| B 104 | ADVERSARY PROCEEDING | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| COVER SHEET (Rev.2/92) | (Instructions on Reverse) | (Court Use Only) |

| PLAINTIFFS<br>FRANKIE PEREZ SERRANO<br>Urb. Villa Nevárez 1044 14th Street<br>San Juan, Puerto Rico 00927 | DEFENDANTS<br>AFNI, INC.<br>404 Brock Drive, P.O. Box 3427, Bloomington, IL 61702-3427 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>LEGAL PARTNERS, PSC<br>138 WINSTON CHURCHILL AVE., SUITE 316<br>SAN JUAN, PUERTO RICO 00926-6023<br>Phone: 787.791.1818    Fax: 787.791.4260 | ATTORNEYS (If Known) |

**PARTY** (Check one box only)   ☒ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Willful Violation of the Automatic Stay, Fair Debt Collection Practices Act

### NATURE OF SUIT
(Check the one most appropriate box only)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 454 To Recover Money or Property | ☐ | 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ | 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ | 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ | 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ | 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ | 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☒ | 434 To obtain an injunction or other equitable relief | ☐ | 499 Other (specify) |
| ☐ | 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ | 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | | |

**ORIGIN OF PROCEEDINGS** (Check one box only.)   ☒ 1 original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court   ☐ CHECK IF THIS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND<br>$ 20,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>FRANKIE PEREZ SERRANO | BANKRUPTCY CASE NO.<br>04-04897-GAC13 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>District of PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE<br>HON. GERARDO A. CARLO |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)   ☐ FEE ATTACHED   ☒ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE<br>July 17, 2009 | PRINT NAME<br>LEGAL PARTNERS, PSC. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Luis F. del Valle Emmanuelli |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 04-04897-GAC |
| FRANKIE PEREZ SERRANO | CHAPTER 13 |
| DEBTOR | |
| FRANKIE PEREZ SERRANO | ADV.PROC.NO. 09- |
| Plaintiff | WILLFUL VIOLATION OF THE AUTOMATIC STAY, FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS |
| V. | |
| AFNI, INC., JOHN DOE, RICHARD ROE, A CORPORATION, B CORPORATION, C CORPORATION, X INSURANCE, Y INSURANCE, & Z INSURANCE | |
| Defendant(s) | |

**COMPLAINT**

TO THE HONORABLE COURT:

**COMES NOW**, Frankie Pérez Serrano, plaintiff herein, and through the undersigned attorney very respectfully submits the following complaint:

### I. Introduction

1. This action seeks redress for the unlawful and deceptive practices committed by the defendant in connection with its efforts to collect from debtor a pre-petition debt while the automatic stay is in effect, in violation of 11 U.S.C. §. The defendant's conduct involves falsely representing that a pre-petition debt can be collected while under the protection of the automatic stay. This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case, the Automatic Stay Order duly entered in this case, and to enforce and to implement other Bankruptcy Code

provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly administration of the claims in this case. The plaintiff requests monetary, punitive, declaratory and injunctive relief based on violations of 11 U.S.C. §362.

2. This action is also filed to enforce the Order of Confirmation and Order of Discharge duly entered in this Chapter 13 case, to enforce and implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

## II. Jurisdiction and Venue.

3. Jurisdiction is invoked under 28 U.S.C. §157 (c)(1) & (2), §§ 1334 & 1337. This proceeding is a core proceeding as it pertains to matters concerning the administration of the estate, (28 U.S.C. § 157(b)(2)(A)); and to counterclaims by the estate against persons filing claims against the estate, (28 U.S.C. § 157(b)(2)(C)). If this action has any noncore elements, plaintiff hereby expresses his consent to the entry of final judgment by a Bankruptcy Judge. This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

4. Venue is proper in this District Court under 28 U.S.C. §1408 & §1409, inasmuch as all the events or omissions giving rise to the claims of the captioned case occurred within the territory of this jurisdictional district.

## III. Parties.

5. The plaintiff is a citizen and resident of Puerto Rico.

6. The Defendant, AFNI, INC., is upon information and belief a corporation organized and established under the laws of the State of Illinois.

7. ABC INSURANCE CORPORATION is any insurance company duly authorized to do business in Puerto Rico which has issued an insurance policy in favor of one or more co-defendants to the instant action that covers the claims alleged in the instant complaint.

8. The Defendants, John Doe and Richard Roe, are upon information and belief a corporation organized under the laws of the Commonwealth of Puerto Rico or licensed to conduct business in Puerto Rico or natural persons conducting business in the Commonwealth of Puerto Rico.

9. Co-defendants, JOHN DOE AND RICHARD ROE, are fictitious names for unknown persons that participated in acts against Plaintiff in violation of the Discharge Order (11 U.S.C.§ 524), and are responsible for the damages and acts alleged in this complaint.

## FACTS

10. Frankie Pérez Serrano, hereinafter the Plaintiff, is a debtor in a Chapter 13 case under the Bankruptcy Code.

11. Plaintiff filed a Chapter 13 Bankruptcy petition on May 10, 2004.

12. The 341(a) meeting of creditors was held on or about June 17, 2004.

13. On January 1, 2009, defendant, AFNI, INC., sent plaintiff a written demand for payment of $579.77, on behalf of original creditor AT&T Mobility, account number 90645950.

14. The offensive letter sent by AFNI, INC. reads on the front side in relevant part that:

## COLLECTION NOTICE

This account has been acquired by our agency for collection. We are requesting your assistance in resolving this matter. We may report information about your account to credit bureaus.

15. Notwithstanding that AFNI, INC., knew or should have known of the filing of the bankruptcy petition and having been informed that they are stayed by law from proceeding further with levying upon property of debtor's estate the aforesaid, AFNI, INC., sent a letter attempting to collect the debt.

16. The actions of the defendant as alleged herein constitute willful, intentional, egregious, gross and flagrant violations of the provisions of § 362 of Title 11 of the United States Code.

17. Upon information and belief, AFNI, INC., has failed to implement any effective policy to assure that its collection personnel comply with either the automatic stay.

18. Upon information and belief, AFNI, INC., has failed to implement any effective procedure to review all of the defaulted files referred for collection in order to confirm that appropriate bankruptcy codes have been entered or noted where necessary or to take other affirmative steps to properly disqualify such accounts from active collection efforts.

19. Upon information and belief, AFNI, INC., has failed to implement any system to properly identify bankruptcy accounts notwithstanding that the fact that it knows the present system

has no discernible impact on whether or not it continues collection activities.

20. The plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the defendants.

21. The actions perpetrated and herein described constitute a violation of § 524(a) of the Bankruptcy Code, 11 U.S.C. §524 (a).

22. Under Section 362(a) of the Bankruptcy Code, 11 U.S.C. §362(a) the issuance of a Automatic Stay Order brings into being a broad injunction against the commencement or continuation of any action, the employment of process or any other act to collect, recover or offset, any pre-petition debt as a personal liability of the Plaintiff, or from property of the debtor. 11 U.S.C. §362(a).

## FIRST CLAIM
### WILLFUL VIOLATION OF THE AUTOMATIC STAY ORDER

23. The Plaintiff re-incorporates each and every preceding allegation as if fully set herein.

24. The actions perpetrated by AFNI, INC., its employees, agents, representatives and/or contractors, are a clear and willful violation to Bankruptcy Law and of the automatic stay, pursuant to 11 U.S.C. §362.

25. In doing so, the defendant, AFNI, INC., has acted with knowledge and/or should had known that Plaintiff had previously filed a bankruptcy petition and that such acts were and are a willful violation of the Automatic Stay Order.

26. The actions of defendant in this case, in seeking to collect payment on a pre-petition debt by falsely and deceptively attempting to coerce the Plaintiff are in violation of the automatic stay order entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 362 and constitute contempt of bankruptcy court orders.

27. The conduct of the defendant in this case has substantially frustrated the Automatic Stay Order entered by this Court and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the defendant.

28. Such actions were willful and egregious in violation of the Automatic Stay Order.

29. As a result of the defendant's, its employees', agents', representatives' and/or contractor's intentional, deliberate and unlawful conduct, the Plaintiff is entitled to compensatory damages in the amount of $25,000.00, for suffering and mental anguish.

30. The defendant's intentional and deliberate actions are in reckless disregard of this Honorable Court's orders, namely the Automatic Stay Order, for which punitive damages in an amount of not less than $15,000.00 dollars should be awarded to the Plaintiff.

31. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the defendant pursuant to the provisions of 11 U.S.C. §362(k(1)) and/or 11 U.S.C. §105 of the Code.

32. In order to protect all debtors who are under the protection of an automatic stay order Court must impose sanctions against the defendant for its misconduct in this case, and to discourage continue violations.

33. It has been necessary for the Plaintiffs to retain Legal Partners, PSC, to prosecute the litigation based upon the Automatic Stay violations, and counsel has incurred and will incur costs and other related expenses in prosecuting this action.

34. As a result of the defendant's violation of 11 U.S.C. § 362, the defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees under 11 U.S.C. §362(k(1)) and/or 11 U.S.C. §105 of the Code.

35. All defendants are jointly and severally liable to the Plaintiff.

## SECOND CLAIM

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. The Plaintiff re-alleges each and every preceding allegation as if fully set herein.

37. When it enacted the Fair Debt Collections Practices Act ("FDCPA"), Congress found there to be abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. U.S. v. National Financial Services, Inc., 98 F.3d 131, 135 (4th Cir. 1996).

38. AFNI, INC., is a debt collector pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"). 15 U.S.C. § 1692a(6).

39. The FDCPA prohibits the false representation of the character amount or legal status of a debt, and the use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692(e)(2) and (10).

40. A demand for payment while a debtor is in bankruptcy is "false" in the sense that it asserts that money is due, when in fact it is not because of the automatic stay.

41. The FDCPA prohibits using unfair and unconscionable collection methods (15 U.S.C. § 1692f); and conduct which has the consequence of harassing, oppressing or abusing the consumer. 15 U.S.C. §1692d.

42. A demand for payment while a debtor is an unconscionable collection method and a threat to report information about the debtor's account to credit bureaus has the consequence of harassing, oppressing or abusing the consumer.

43. AFNI, INC., by falsely and deceptively representing that the pre-petition debt can be collected and threatening to report plaintiff to credit bureaus, has violated the FDCPA.

44. The foregoing acts and omissions by the defendant constitute violations of the FDCPA, which include, but are not limited to, the following:

   A. AFNI, INC. violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

   B. AFNI, INC. violated 15 USC § 1692(e)(2) and (10) by falsely representing the character amount or legal status of the debt, and using false representations or deceptive means to collect or attempt to collect any debt.

   C. AFNI, INC. violated 15 U.S.C. §1692d by employing conduct which has the consequence of harassing, oppressing or abusing the consumer.

   D. As a result of the above violations of the FDCPA, AFNI, INC. is liable to the plaintiff for actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE**, the Plaintiff having set forth his claims for relief against the defendant respectfully prays of the Court as follows:

30. A sum to be determined by the Court in the form of actual damages;

31. A sum to be determined by the Court in the form of statutory damages;

32. A sum to be determined by the Court in the form of punitive damages;

33. All reasonable legal fees and expenses incurred by his attorneys;

34. That AFNI, INC. is found in contempt of court for willful violation of the automatic stay.

35. An order to cease and desist from violations of the automatic stay.

36. Any other relief that this Honorable Court may deem appropriate.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico this 17th day of July, 2009.

S/Luis F. del Valle
LUIS F. DEL VALLE-EMMANUELLI
USDCPR 209514
138 Winston Churchill Ave.
Suite 316
San Juan, P.R. 00926-6023
Tel. 787.791.1818
Fax 787.791.4260